UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. GARCIA, | ) | CASE NO.: 1:16 CR 169 |
| | ) | |
| PETITIONER, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | |
| RESPONDENT. | ) | |

This matter comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255 (Docket #59). Petitioner seeks to vacate, set aside, or correct his sentence on the basis that his two convictions for felonious assault no longer qualify as violent felonies under the Armed Career Criminal Act, 18 U.S.C. §924(e) ("ACCA"), based on the Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (1015), and the Sixth Circuit's decision in *United States v. Burris*, 912 F.3d 386 (6th Cir. 2019). For the reasons set forth below, Petitioner's § 2255 Motion is DENIED.

## FACTUAL AND PROCEDURAL HISTORY

On May 25, 2016, a federal grand jury returned a one-count indictment charging Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (e). (Docket #1). The Indictment also alleged an enhanced penalty under the ACCA, based on Petitioner's previous convictions for assault of a police officer, domestic violence, and aggravated robbery. *Id.*

On February 8, 2017, a federal jury returned a unanimous verdict finding Petitioner guilty of the charge in the Indictment. (Docket #36).

Subsequently, the U.S. Pretrial and Probation Office prepared a Presentence Investigation Report ("PSR"). Within the PSR, Petitioner qualified as an armed career criminal under the ACCA from three prior qualifying convictions. (Docket #40).

On June 1, 2017, the District Court found that Petitioner qualified as an armed career criminal and sentenced Petitioner to 300 months' imprisonment, five years supervised release, and $100 special assessment. (Docket #45).

On June 7, 2017, Petitioner timely appealed his conviction and sentence to the Sixth Circuit. (Docket #46). Petitioner challenged the sufficiency of the trial evidence as well as the Court's imposition at sentencing of an obstruction of justice enhancement under U.S.S.G. 3C1.1. (Case No. 17-3602, Docket #23). Petitioner did not make any arguments regarding his status as an armed career criminal.

On March 22, 2018, the Sixth Circuit affirmed the District Court's convictions and sentence. (Docket #56). On June 18, 2018, Mr. Garcia petitioned the Supreme Court for writ of *certiorari*. (Docket #57). The Supreme Court denied the writ of *certiorari* on October 1, 2018. (Docket # 58).

On July 22, 2019, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255.

## ANALYSIS

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack.

*See* 28 U.S.C. § 2255. As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the record, conclusively show that the petitioner is not entitled to relief, then the court need not grant an evidentiary hearing on the motion. *See* 28 U.S.C. § 2255; *see also Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (stating that no evidentiary hearing is required where there "record conclusively shows that the petitioner is entitled to no relied") (quoting *Arredonda v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The response of the United States of America, Respondent, correctly outlines and applies the relevant law to the facts of this case. They are, therefore, ADOPTED by this Court as if rewritten, herein. For the reasons in Respondent's brief, Petitioner has not demonstrated any of the elements set forth under 28 U.S.C. § 2255. Thus, Mr. Garcia is not entitled to any relief.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED. There is no basis upon which to require a hearing on Petitioner's § 2255 Motion. Accordingly, Petitioner's request for a hearing is DENIED. Furthermore the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 13, 2019