UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:16 CR 169 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| MICHAEL J. GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. §3582(c)(2). (ECF #71). The Court appointed an attorney to review Mr. Garcia's case and the attorney later filed a Notice of No Intent to Supplement Mr. Garcia's motion. (ECF #73, 84). The Government filed a Response in Opposition, and Mr. Garcia has not filed a timely Reply to that Response. (ECF #90).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's

Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).

Mr. Garcia has not provided any evidence or argument that would suggest that he has exhausted his administrative remedies. The exhaustion requirement is "mandatory" if invoked by the government and is not subject to any "judge-made exceptions." *Alam*, 960 F.3d at 834. The government has invoked the requirement in this case. There are no equitable exceptions "to account for irreparable harm or futility." *Id*. at 835-36; *USA v. Minor*, Case No. 20-3467, at 3 (6th Cir. March 2, 2021). Thus, the Court finds that Mr. Garcia has not exhausted his administrative remedies as required by 18 U.S.C. §3582(c)(1)(A). Consequently, this Court has no authority to consider his request.

Even if Mr. Garcia had exhausted his administrative remedies, he would not qualify for relief. Mr. Garcia argues that he is entitled to relief under U.S.S.G. §1B1.13(b)(6). In order to establish extraordinary and compelling reasons that would justify relief under this section, Mr. Garcia would have had to have served at least ten years of his sentence, which he has not. Further, he would have to establish that a change in law produced a gross disparity between the sentence he is serving and the sentence he would likely have received under the new law. Mr. Garcia can point to no such disparity. Although he is correct that his prior conviction for aggravated robbery no longer qualifies as an Armed Career Criminal Act predicate following the Sixth Circuit's decision in *United States v. Ivy*, 93 F.4th 937 (6th Cir. 2024), he still has three

predicate prior convictions that qualify him as an armed career criminal under the Act. His convictions for assault on a peace officer required knowing conduct, as did his conviction for domestic violence. Because his status as an armed career criminal is not affected by the cited change in law, his sentence would remain unaffected, and his circumstances do not qualify as extraordinary and compelling under U.S.S.G. §1B1.13(b)(6).

Mr. Garcia has not exhausted his administrative remedies, and has not demonstrated extraordinary and compelling reasons for relief. Further, he has not shown that he is no longer a danger to the community, and has not shown that a reduced sentence would be consistent with the USSC's relevant policy statement. Having considered the record, Mr. Garcia's arguments, and all of the factors set forth in 18 U.S.C. §3553(a), the Court finds, in its discretion, that the Defendant's Motion for Compassionate Release should be DISMISSED with prejudice. (ECF #71). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATE: July 26, 2024